

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BARCELONESA DE METALES, S.A.,           :
SUMINISTROS SIDERURGICOS
MONTANESES, S.A., AND TAMETAL, S.A.,    :

          Plaintiffs,                 :

    - against -                            :

SPHINX SHIPPING LTD.,                   :

          Defendant.                  :
------------------------------------------------------------X

## VERIFIED COMPLAINT

The Plaintiffs, BARCELONESA DE METALES, S.A. (hereinafter "Barcelonesa"), SUMINISTROS SIDERURGICOS MONTANESES, S.A. (hereinafter "SSM") and TAMETAL, S.A. (hereinafter "Tametal")(collectively referred to as "Plaintiffs") by their attorneys, Tisdale Law Offices, LLC, as and for their Verified Complaint against the Defendant, SPHINX SHIPPING LTD. (hereinafter "Defendant" or "Sphinx") allege, upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 United States Code § 1333.

2.    At all material times, Plaintiff Barcelonesa was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Barcelona.

3.    At all material times, Plaintiff SSM was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Cantabria, Spain.

4.    At all material times, Plaintiff Tametal was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Bizkaia, Spain.

–1–

5. Upon information and belief, at all material times, Defendant Sphinx was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Valletta, Malta.

6. By several bills of lading dated between December 5 and December 10, 2006, the Plaintiffs entered into maritime contracts with the Defendant for the carriage of a cargo of steel from China to Spain aboard the M/V SEA LUCK (hereinafter the "Vessel").

7. As required by the contracts, the cargo was delivered to the Defendant at the port of loading in good order and condition.

8. Certain disputes arose between the parties when, in breach of the bill of lading contracts, Defendant Sphinx failed to deliver the cargo to the Plaintiffs at the discharge port in good order and condition.

9. As a result of Sphinx's breach of the maritime contracts, due to the damage to the cargo, Plaintiffs will suffer losses in the total principal sum of €564,990.08, which is equal to the sum of $876,273.07, as best can now be estimated, exclusive of interest, recoverable costs and reasonable attorneys fees.

10. Pursuant to the contracts, all disputes arising thereunder were to be submitted to court proceedings in China.

11. In accordance with the contracts, the Plaintiffs have commenced proceedings in the Shanghai Maritime Court and submitted their statements of claim.

12. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in Chinese proceedings before the Shanghai Maritime Court. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---:|
| A. | Principal claim: | $876,273.07 |
| B. | Estimated interest on the principal claim at 7.5% for three years | $212,533.94 |
| C. | Attorneys fees and arbitration costs: | $150,000.00 |
| Total: | | **$1,238,807.00** |

13. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendant.

14. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching any assets of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendants cannot be found within this District pursuant to

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and federal common law attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A. which are due and owing to the Defendants, in the amount of **$1,238,807.00** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Complaint;

C. That this Court recognize and confirm any foreign judgment/award of costs on the claims had herein as a judgment of this Court;

D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E.  That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: May 20, 2008
New York, New York

The Plaintiffs,
BARCELONESA DE METALES, S.A.,
SUMINISTROS SIDERURGICOS
MONTANESES, S.A., AND TAMETAL, S.A.,

By: *[signature]*

Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT5263)
TISDALE LAW OFFICES, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 (Phone)
(212) 869-0067 (Fax)
ldavies@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY VERIFICATION

State of Connecticut )
                            ) ss: SOUTHPORT
County of Fairfield )

1. My name is Lauren C. Davies.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for the Plaintiffs in this action. I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiffs is that the Plaintiffs are corporations none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiffs and its counsel, all of which I believe to be true and accurate.

Dated: May 20, 2008
Southport, Connecticut

_____
Lauren C. Davies